1  MARK D. MARRELLO  (SBN:  273569)
   T. LESTER WALLACE  (SBN:  159967)
2  IMPERIUM PATENT WORKS LLP
   315 Ray Street
3  Pleasanton, CA 94566
   Telephone:  (925) 331-8099
4  Facsimile:  (925) 835-5804

5  Attorneys for Plaintiff,
   HVAC Technology LLC

6

7  ROBERT P. ANDRIS  (SBN:  130290)
   MICHAEL D. KANACH  (SBN:  271215)
8  GORDON & REES LLP
   275 Battery Street, Suite 2000
9  San Francisco, CA 94111
   Telephone:  (415) 986-5900
10 Facsimile:  (415) 986-8054

11 Attorneys for Defendant
   SOUTHLAND INDUSTRIES
12

13                    UNITED STATES DISTRICT COURT

14          NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

15

16 HVAC TECHNOLOGY LLC                    CASE NO.  5:15-cv-02934-PSG

17                    Plaintiff,          **JOINT CASE MANAGEMENT
                                          STATEMENT (FRCP 26(F)) AND**
18       vs.                              **[PROPOSED] CASE
                                          MANAGEMENT ORDER**
19 SOUTHLAND INDUSTRIES

20                    Defendant.          **JURY TRIAL DEMANDED**

21

22

23

24

25

26

27

28

Plaintiff and counterclaim defendant HVAC Technology LLC ("HVAC Tech") and defendant and counterclaimant Southland Industries ("Southland") jointly submit this joint report under Fed. R. Civ. P. 26(f), Case Management Statement and [Proposed] Order, and request that the Court adopt it as the Court's Case Management Order in the instant case.

**1.** **Jurisdiction, Venue and Service.** This case arises under the patent laws of the United States, 35 U.S.C. § 271, et seq., and therefore this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1338(a). The parties agree this Court has subject matter jurisdiction over this matter, has personal jurisdiction over the parties, and that venue in the Northern District of California is proper. No parties remain to be served.

**2.** **Facts.**

**HVAC Tech's Description:**

John Karamanos and another individual jointly invented the subject matter claimed in U.S. Patent No. 7,478,761. John Karamanos invented the subject matter claimed in U.S. Patent No. 7,444,731. These two patents cover a heating and air conditioning product referred to here as a "pre-piped VAV terminal unit". John Karamanos was, and currently still is, the president of a local, small, family-owned manufacturing company, HVAC Manufacturing, Inc.. HVAC Manufacturing, Inc. manufactured this patented item under license. Over the course of several years, HVAC Manufacturing, Inc. informed Southland Industries of the patented item and attempted to sell large quantities of the patented item to Southland Industries. During this time, Southland Industries learned of the patented product's existence and how to make it. But rather than purchasing the patented item in quantity from HVAC Manufacturing, Inc. as was discussed, Southland Industries started manufacturing the patented item for themselves and installed the patented items in a building in San Francisco. On information and belief, Southland's infringement has been and continues to be widespread. Southland Industries is a big company and operates in many locations across the United States. HVAC Tech does not know, but presumes, that Southland's infringement extends across the United States. Despite their efforts, John Karamanos and HVAC Manufacturing Inc. have been unable to persuade

1  Southland to purchase more than a small number of the patented pre-piped VAV terminal

2  units.  When these efforts proved unfruitful, HVAC Tech was formed to serve as a legal

3  vehicle to assert the '761 and '731 patents against Southland, and to secure some compensation

4  for Southland's unauthorized use of the patented technology.  John Karamanos is the managing

5  member of HVAC Tech.  All right, title and interest in the '761 and '731 patents were

6  transferred into HVAC Tech.  HVAC Tech then filed the present patent infringement suit

7  against Southland.

8        **Southland's Description**:

9        Southland denies Plaintiff's allegations.  Plaintiff asserts two patents: (1) U.S. Patent

10  No. 7,444,731, entitled "Method for Transporting a Piping Structure," issued on November 4,

11  2008, to inventor John C. Karamanos (the '731 Patent); and (2) U.S. Patent No. 7,478,761,

12  entitled "Self-Contained Ventilation Flow Control System," issued on January 20, 2009, to

13  inventors John C. Karamanos and Charles J. Viso (the '761 Patent) (collectively, the

14  "Asserted Patents").  Southland also brought declaratory judgment counterclaims alleging

15  invalidity and non-infringement of the Asserted Patents.  Plaintiff answered and denied

16  Defendants' counterclaims.  The parties dispute whether Defendant infringes the Asserted

17  Patents and whether the Asserted Patents are valid. The parties further dispute whether, and

18  in what amount, damages are owed, should Defendants be found to infringe.

19        The scope of the Asserted Patents was substantially narrowed during the prosecution

20  of the patents in response to USPTO office actions rejecting the broad scope the inventor(s)

21  sought.  While discovery is at its early stages, Defendant expects that discovery will show

22  that the use of brackets to hold products together and sale of preassembled products was not

23  new in this industry or other industries prior to the Asserted Patent's filing dates.

24        **3.        Legal Issues in Dispute.**  The parties dispute the following legal issues:

25  **HVAC Tech's Description:**

26        (a)        Whether Southland has directly infringed or is directly infringing the

27  '761 Patent, either literally or under the doctrine of equivalents.

28

1               (b)      Whether Southland has directly infringed or is directly infringing the

2 '731 Patent, either literally or under the doctrine of equivalents.

3               (c)      Whether Southland has contributed to or is contributing to the

4 infringement of the '761 Patent by third parties.

5               (d)      Whether Southland has contributed to or is contributing to the

6 infringement of the '731 Patent by third parties.

7               (e)      Whether Southland has induced or is inducing the infringement of the

8 '761 patent by third parties.

9               (f)      Whether Southland has induced or is inducing the infringement of the

10 '731 patent by third parties.

11               (g)      Whether Southland's alleged infringement was or is willful.

12               (h)      Whether Southland should be enjoined from making, using, selling, or

13 offer for sale patented pre-piped VAV terminal units.

14               (i)      Whether Southland is liable to HVAC Tech for damages, including

15 enhanced damages, costs, and attorneys' fees.

16 **Southland's Description**:

17               (j)      Whether the '761 Patent is invalid for failure to comply with one or

18 more of the requirements of 35 U.S.C. §§101, 102, 103, and 112.

19               (k)      Whether the '731 Patent is invalid for failure to comply with one or

20 more of the requirements of 35 U.S.C. §§101, 102, 103 and 112.

21               (l)      Whether Southland's accused products infringe the asserted claims of

22 the '761 Patent.

23               (m)      Whether Southland's accused products infringe the asserted claims of

24 the '731 Patent.

25               (n)      Whether HVAC Tech is liable for costs, and attorneys' fees, and the

26 amount of those costs.

27       **4.**      **Motions.**  Neither party has brought any motions.  HVAC Tech does not

28 contemplate bringing any motions prior to the Claim Construction Hearing.  After the Claim

Construction ruling, HVAC Tech is likely to bring one or more motions for partial summary judgment on substantive issues in the case.

Southland anticipates filing dispositive motions. Due to the custom nature of the products in this industry and the fact that the Plaintiff does not practice the patented invention, but rather purports to license it, Southland anticipates that discovery motions may be required.

**5.     Amendment of Pleadings.**  The parties are not presently prepared to join any additional parties.

**6.     Evidence Preservation.**  Each of the parties has taken the steps internally that are necessary to preserve evidence relevant to the issues reasonably evident in this action.

**7.     Disclosures.**  There has been timely compliance with the initial disclosure requirements of Fed. R. Civ. P. Rule 26(a)(1). The parties have disclosed the identity of individuals likely to have discoverable information, documents and things usable to support claims and defenses, computations of damages and any insurance agreements that may satisfy a judgment which may be entered in this action.

**8.     Discovery Plan.**  No discovery has been taken to date. The parties agree that each party shall be entitled to propound no more than twenty-five (25) interrogatories, including all discrete subparts, absent agreement of the other party or leave of court, pursuant to Federal Rules of Civil Procedure (FRCP) Rule 33. The parties do not presently propose a fixed limit on the number of requests for production of documents or requests for admission that may be propounded by a party. Pursuant to Rule 30(d)(1), depositions shall be limited to 7 hours of live deposition testimony time per day, although the total time including breaks may exceed 7 hours. The parties agree that the fact that a witness may have been designated and deposed pursuant to FRCP 30(b)(6) does not preclude that witness from being deposed in his/her individual capacity, and vice versa. The parties agree to electronic service of discovery-related documents. The parties agree that documents to be served, but not filed through ECF, need only be served by emailing scanned versions of the documents to:

- Robert P. Andris and Michael D. Kanach for Southland Industries at:

randris@gordonrees.com
mkanach@gordonrees.com
with a copy to
kshaw@gordonrees.com

- Mark D. Marrello for HVAC Technology LLC at:

Mark@ImperiumPW.com
with a copy to
Lester@ImperiumPW.com

**9.** **Class Action.** This is not a class action legal action.

**10.** **Related Cases.** There are no related cases or proceedings between the parties. At this time, Southland is not aware of any other related cases or proceedings involving HVAC Tech's patented technology.

**11.** **Relief Sought:**

**a) by HVAC Tech**. HVAC Tech seeks a judgment that the '761 and '761 patents have been and continue to be infringed by Southland. HVAC Tech seeks an accounting of all damages sustained by HVAC Tech as a result of Southland's infringement. HVAC Tech seeks an award of damages for lost profits that would been made by Therma Corporation but for Southland's infringement, and for licensing revenue that would have been made by John Karamanos but for Southland's infringement. The right to sue for past damages for infringement of the '761 patent was transferred from Therma Corporation to HVAC Tech in an assignment of Therma's interest in the '761 patent. The right to sue for past damages for infringement of the '761 was transferred from John Karamanos to HVAC Tech in an assignment of John Karamanos's interest in the '761 patent. The right to sue for John Karamanos's past damages for infringement of the '731 patent was transferred from John Karamanos to HVAC Tech in an assignment of the '731 patent to HVAC Tech. The total amount of lost profits cannot be determined at this time because HVAC Tech needs discovery in order to determine the magnitude of Southland's infringement. HVAC Tech seeks a permanent injunction to enjoin Southland from future infringement of the '761 and '731 patents in the future.

**b) by Southland**.  Southland seeks declaratory relief and seeks damages including attorneys' fees and costs, if proper, and whatever other damages or relief the Court deems proper. At this time, Southland only seeks to recover the reasonable costs and expenses of this litigation, including attorneys' fees and expert fees, pursuant to 35 U.S.C. § 285, and a declaration that this case is exceptional. Southland is not yet certain as to the amount of fees and costs it will incur and/or seek

**12.    Settlement and ADR.**  The parties have complied with ADR L.R. 3-5 by conferring on August 31, 2015, in an attempt to select an ADR process.  The parties have submitted ADR certifications indicating that no agreement on an ADR process has been reached.  An ADR phone conference has been scheduled for September 16, 2015.

**13.    Consent to a Magistrate Judge.**  The parties have consented to the assignment of this case to a Magistrate Judge for all purposes, including all further proceedings, trial and entry of judgment.

**14.    Other References.**  The parties believe that this case is not suitable for other references, such as binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues.**  The parties are discussing the definition of terms, such as "pre-piped VAV terminal units" for discovery purposes and possibly Accused Products or Accused Instrumentalities for infringement contentions.  At this time, the parties do not anticipate narrowing the issues.

**16.    Expedited Trial Procedure.**  The parties do not believe that this patent case can be handled on an expedited basis with streamlined procedures.

**17.    Scheduling.**  The parties propose the following deadlines and court dates for the instant case.

| **Item** | **Date** | **Proposed Date** |
|---|---|---|
| Parties file Joint Case Management Conference Statement | September 15, 2015 | |
| Case Management Conference | September 22, 2015 | |

| | | |
|---|---|---|
| HVAC Tech serves its Pat. L.R. 3-1 Preliminary Infringement Contentions and its Pat. L.R. 3-2 document production | No later than 14 days after Case Management Conference | October 6, 2015 |
| Southland serves its Patent L.R. 3-3 Preliminary Invalidity Contentions and its Pat. L.R. 3-4 document production | No later than 45 days after Plaintiff serves Preliminary Infringement Contentions compliant with Pat. L.R. 3-1 and 3-2[1] | November 20, 2015 |
| Parties exchange Proposed Terms and Claim Elements for Construction under Pat. L.R. 4-1 | 14 days after Preliminary Invalidity Contentions | December 4, 2015 |
| Parties exchange Preliminary Claim Constructions and Extrinsic Evidence under Pat. L.R. 4-2 | 21 days after Proposed Terms and Claim Elements | December 18, 2007 |
| Last day to file motions to add parties or amend the pleadings, without stipulation or leave of the Court | | January 31, 2016 |
| Parties file Joint Claim Construction and Prehearing Statement under Pat. L.R. 4-3 | 60 days after Preliminary Invalidity Contentions | January 19, 2016 |
| Completion of claim construction discovery, including experts under Pat. L.R. 4-4 | 30 days after Joint Claim Construction and Prehearing Statement | February 18, 2016 |
| HVAC Tech files its Opening Claim Construction Brief under Pat. L.R. 4-5(a) | 45 days after Joint Claim Construction and Prehearing Statement | March 4, 2016 |
| Southland files its Responsive Claim Construction Brief under Pat. L.R. 4-5(b) | 14 days after Claim Construction Brief | March 18, 2016 |
| HVAC Tech files its Reply Claim Construction Brief under Pat. L.R. 4-5(c) | 7 days after Responsive Brief | March 25, 2016 |
| Claim Construction Hearing (Markman Hearing) Pat. L.R. 4-6 | w/in 2 weeks of Claim Construction Reply Brief | April 8, 2016 (subject to Court's convenience) |

---

[1] Each of the approximate dates listed in this chart is dictated by the N.D. Cal. Patent Local Rules and is based on when a preceding act takes place. As such, the approximate dates will likely change. These dates are merely estimates provided to the Court for assessing this proposed schedule.

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER

Case No. 5:15-cv-02934-PSG

8

| | | |
|---|---|---|
| HVAC Tech serves its Pat. L.R. 3-6(a) Final Infringement Contentions | w/in 30 days after the Markman ruling | mid May 2016 |
| Southland Pat. L.R. 3-7 Advice of Counsel Document Production | 50 days after the Markman ruling | June 8, 2016 |
| Completion of fact discovery | ~90 days after Markman ruling | July 19, 2016 |
| Parties serve expert reports on issues for which a party bears the burden of proof under FRCP 26(a)(2) | ~15 days after completion of fact discovery | July 31, 2016 |
| Parties serve rebuttal expert reports | ~30 days after service of expert reports | August 31, 2016 |
| Close of expert discovery | ~30 days after service of rebuttal reports | September 30, 2016 |
| Last day to hear dispositive motions | ~ 45 days after close of expert discovery | November 15, 2016 |
| Pretrial Conference Statement | (to be set by the Court) | December 1, 2016 |
| Pretrial conference | (to be set by the Court) | December 13, 2016 |
| Trial by jury | (to be set by the Court) | January 2017 |

     **18.**     **Trial.** The case will be tried to a jury. HVAC Tech requests a trial of five court days, exclusive of jury selection and summations. Southland Industries anticipates that trial will last about seven to ten days, exclusion of jury selection and summations.

     **19.**     **Disclosure of Non-Party Interested Entities or Persons.** Each party has filed the "Certification of Interested Entities or Persons" required by Civil L.R. 3-15. HVAC Tech restates that the following listed persons, firms, partnerships, corporations (including parent corporations) or other entities either (1) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have any other kind of interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: HVAC Technology LLC, John Karamanos, Stella Karamanos, Joe Parisi and Therma Corporation. Southland Industries does not have a parent company. No publicly held corporation owns more than 10% of Southland's stock. Pursuant to Civil L.R. 3-15, as of this date, other than the named parties, there is no such interest to report for Southland.

20. **Professional Conduct.** All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **Other Matters.**

**a) by Southland**. The parties have met and conferred about this item of the CMC standing order. Plaintiff proposed a definition of a term "pre-piped VAV terminal unit" to be used in discovery. As of the filing of this Joint CMC Statement, the parties have not agreed upon a definition of that term, but the parties will continue to meet and confer on that topic.

**b) by HVAC Tech.** This item 21 of the standing order regarding the contents of a joint case management statement is about raising "such other matters as may facilitate the just, speedy and inexpensive disposition of this matter." Responsive to that directive, HVAC Tech contends that the Patent Local Rules are ill-suited to a case such as this one where only one, or a small number, of instances of infringement are known to the patent Plaintiff early in litigation at the time when according to the Patent Local Rules the patent Plaintiff's infringement contentions will be due. From the Court's perspective, the Court cannot know the extent of damages and whether the case warrants substantial judicial resources, or whether the extent of infringement is so small that less in the way of judicial resources are warranted. HVAC Tech's counsel are in the same position. More importantly, infringement contentions will be submitted that will entirely incomplete, probably leading to incomplete reply papers. The entire effort may have to be redone, leading to a messy record, double work, and expense. In an effort to reduce some of the anticipated problems due to following the Patent Local Rules, HVAC Tech has proposed using a defined term "pre-piped VAV terminal unit" at the very early stages of the litigation, where that defined term will not be tied to any patent claim term, and where use of the term in discovery will, per agreement of the parties, not be deemed to constitute an admission of any type with respect to claim construction issues, or with respect to the reading of claim language onto any particular instrumentality. HVAC Tech will seek to propound early discovery using this term, in order to discover facts early so that HVAC Tech will be able to develop a meaningful list of accused instrumentalities as soon as possible. HVAC Tech has raised this proposal with

JOINT CASE MANAGEMENT STATEMENT                    Case No. 5:15-cv-02934-PSG
AND [PROPOSED] ORDER                    10

1 Southland's attorneys, and although no agreement was reached, HVAC Tech believes that

2 Southland's attorneys share HVAC Tech's concerns.  HVAC Tech would like an opportunity

3 to discuss this matter with the Court at the Case Management Conference, because this

4 concern is fully responsive to the thrust of item 21 of raising matters that will reduce the cost

5 of litigation and because the Court may have useful input on the matter.

6

7 Dated:  September 15, 2015                    IMPERIUM PATENT WORKS LLP

8

9                                                              By:      */s/  Mark D. Marrello*
10                                                                        Mark D. Marrello  (SBN: 273569)
                                                                         T. Lester Wallace  (SBN:  159967)
                                                                         Attorneys for Plaintiff
11                                                                       HVAC TECHNOLOGY LLC

12

13

14

15 Dated:  September 15, 2015                    GORDON & REES LLP

16

17                                                            By:      */s/  Robert P. Andris*
                                                                       Robert P. Andris  (SBN:  130290)
18                                                                     Michael D. Kanach  (SBN:  271215)
                                                                       Attorneys for Defendant
19                                                                     SOUTHLAND INDUSTRIES, INC.

20

21

22

23

24

25

26

27

28

# ATTESTATION OF CONCURRENCE IN FILING

The undersigned declares that concurrence in the filing of this document has been obtained from Michael D. Kanach.  The undersigned declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on September 15, 2015, in San Jose, California.

/s/ Mark D. Marrello<br>
Mark D. Marrello

## ORDER

**The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.**

**Dated: _____, 2015**          _____

**Honorable Paul Singh Grewal**
**United States Magistrate Judge**

PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Imperium Patent Works LLP 315 Ray Street, Pleasanton, CA 94566. On September 15, 2015, I served the within documents:

**JOINT CASE MANAGEMENT STATEMENT (FRCP 26(F)) AND [PROPOSED] CASE MANAGEMENT ORDER**

☐  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Pleasanton, addressed as set forth below.

☐  by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Imperium Patent Works LLP described below, addressed as follows:

☐  by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by DHL as part of the ordinary business practices of Imperium Patent Works LLP described below, addressed as follows:

☐  by Electronic Transmission based on a court order or an agreement of the parties to accept service by email or electronic transmission. I am readily familiar with Imperium Patent Works LLP's practices for transmitting documents by electronic mail via internet service provider. I caused the documents to be sent to the persons at the email addresses listed for each addressee on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒  by transmitting via ELECTRONIC FILING within the ECF System for the  USDC – Northern District of California, the document(s) listed above on this date.

**Please see attached SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

IMPERIUM PATNET WORKS LLP

By:    */s/ Mark D. Marrello*
　　　　Mark D. Marrello

1 **<u>SERVICE LIST</u>**

2 ROBERT P. ANDRIS  (SBN:  130290)          *Counsel to Defendant,*
  MICHAEL D. KANACH  (SBN:  271215)     **SOUTHLAND INDUSTRIES**
3 GORDON & REES LLP
  275 Battery Street, Suite 2000
4 San Francisco, CA 94111
  Telephone:  (415) 986-5900
5 Facsimile:  (415) 986-8054

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT                    Case No. 5:15-cv-02934-PSG
AND [PROPOSED] ORDER                    14