UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HVAC TECHNOLOGY LLC, ) | Case No. 5:15-cv-02934-PSG |
| ) | |
| Plaintiff, ) | **CASE SCHEDULING ORDER** |
| ) | |
| v. ) | **(Re: Docket No. 22)** |
| ) | |
| SOUTHLAND INDUSTRIES, ) | |
| ) | |
| Defendant. ) | |

Based on the parties' joint case management statement[1] and case management conference,

IT IS ORDERED that the following limits on discovery shall apply to this case, as set forth in the parties' joint case management statement:[2]

- Each party shall be entitled to propound no more than 25 interrogatories, including all discrete subparts, absent agreement of the other party or leave of court, pursuant to Fed. R. Civ. P. 33.
- Pursuant to Fed. R. Civ. P. 30(d)(1), depositions shall be limited to seven hours of live deposition testimony time per day, although the total time including breaks may exceed seven hours.
- The fact that a witness may have been designated and deposed pursuant to Fed. R. Civ. P. 30(b)(6) does not preclude that witness from being deposed in his/her individual capacity, and vice versa.
- No fixed limit is currently ordered on the number of requests for production of documents or requests for admission that may be propounded by a party.

---

[1] *See* Docket No. 22.

[2] *See* Docket No. 22 at ¶ 8.

Case No. 5:15-cv-02934-PSG
CASE SCHEDULING ORDER

1

- Discovery-related documents shall be served electronically, and documents to be served, but not filed through ECF, need only be served by emailing scanned versions of the documents to:

    o Robert P. Andris and Michael D. Kanach for Southland Industries at:
    randris@gordonrees.com
    mkanach@gordonrees.com
    with a copy to
    kshaw@gordonrees.com

    o Mark D. Marrello for HVAC Technology LLC at:
    Mark@ImperiumPW.com
    with a copy to
    Lester@ImperiumPW.com

IT IS FURTHER ORDERED that for discovery disputes that may arise, the parties shall proceed according to the following procedure. If the dispute cannot be resolved by an in-person meet-and-confer, the parties may within five days of the meeting submit a five-page joint letter with a one-page cover. Letter briefs must comply with the following requirements:

- The cover page must contain the parties' names, one line summarizing the nature of the dispute, and an attestation that the parties have met and conferred in person. If the parties have met telephonically, the cover page must contain the reasons for the telephone meeting.
- Within the five pages, the parties shall include a joint statement of the facts necessary for the court to render its decision. Each party shall provide summaries of the disputes, the appropriate legal authority, and each party's final proposed compromise. To enhance ease of comparison, parties are encouraged to use tables and charts summarizing their arguments.
- The letter brief shall be written in Times New Roman, twelve-point font. Margins shall be no less than one inch on each side. The briefs may be single-spaced.
- Parties shall file the joint letter brief under the Civil Events category of "Motions and Related Filings → Motions – General → Discovery Letter Brief."

Although parties may present more than one dispute in the joint letter brief, there is no limit to the number of letter briefs they may file. If multiple disputes require multiple letter briefs, the parties are encouraged to use as many as necessary to provide the court with well-supported arguments. A single dispute, however, is permitted only one joint letter brief. Attempts to circumvent this limit will be viewed with disfavor. Upon review of the joint letter brief, the court will advise the parties how it intends to proceed. The court may take the dispute under submission,

hold a telephone conference with the parties, order a hearing or further briefing, or require the parties to appear at the courthouse for further meet-and-confer.

IT IS FURTHER ORDERED that the following schedule and deadlines shall apply to this case:

| | |
|---|---|
| Plaintiff's preliminary infringement contentions and document production | Oct. 6, 2015 |
| Defendant's preliminary invalidity contentions and document production | Nov. 20, 2015 |
| Exchange of proposed terms and claim elements for construction | Dec. 4, 2015 |
| Exchange of preliminary claim constructions and extrinsic evidence | Dec. 18, 2015 |
| Deadline for motions to add parties or amend pleadings | Jan. 13, 2016 |
| Joint claim construction and prehearing statement | Jan. 19, 2016 |
| Completion of claim construction discovery, including experts | Feb. 18, 2016 |
| Plaintiff's opening claim construction brief | Mar. 4, 2016 |
| Defendant's responsive claim construction brief | Mar. 18, 2016 |
| Plaintiff's reply claim construction brief | Mar. 25, 2016 |
| Claim construction hearing | Apr. 8, 2016 |
| Plaintiff's final infringement contentions | May 6, 2016 |
| Defendant's advice of counsel document production | June 8, 2016 |
| Completion of fact discovery | July 19, 2016 |
| Service of expert reports on issues for which a party bears burden of proof under Fed. R. Civ. P. 26(a)(2) | July 31, 2016 |
| Rebuttal expert reports | Aug. 31, 2016 |
| Close of expert discovery | Sept. 30, 2016 |
| Deadline for hearing dispositive motions | Nov. 15, 2016 |
| Deadline for private mediation | Nov. 25, 2016 |
| Pretrial conference statement | Dec. 2, 2016 |
| Pretrial conference | Dec. 13, 2016 |
| Jury trial | Jan. 3, 2016 |

3

Case No. 5:15-cv-02934-PSG
CASE SCHEDULING ORDER

**SO ORDERED.**

Dated: September 22, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge