Mark D. Marrello                                      Robert P. Andris
*Mark@ImperiumPW.com*                                 *RAndris@GordonRees.com*
T. Lester Wallace                                     Michael D. Kanach
*Lester@ImperiumPW.com*                               *MKanach@GordonRees.com*
Imperium Patent Works LLP                             Gordon & Rees LLP
315 Ray Street                                        275 Battery Street, Suite 2000
Pleasanton, CA 94566                                  San Francisco, CA 94111
Phone:  925-331-8099                                  Phone: 415-986-5900
Attorneys for Plaintiff                               Attorneys for Defendant
HVAC Technology LLC                                   Southland Industries

April 7, 2016

*Via ECF Filing*

The Honorable Paul S. Grewal
United States Courthouse
Courtroom 5, 4th Floor
280 South 1st Street
San Jose, CA 95113

> **Re:    HVAC Technology LLC v. Southland Industries, Case No. 5:15-cv-02934-PSG**
> **The Adequacy of Plaintiff's Document Production**

Dear Judge Grewal:

      Pursuant to your Case Scheduling Order in this case (Docket No. 24), Plaintiff HVAC Technology LLC ("HVAC Tech") and Defendant Southland Industries ("Southland") submit this joint letter brief.  This dispute relates to the adequacy of Plaintiff HVAC Tech's document production.  The parties attest that attorneys for the parties have met and conferred in-person.

## I. **SOUTHLAND'S STATEMENT**

Plaintiff **HVAC _Technology_, Inc**., was created for the purpose of filing this lawsuit against Southland, and the lawsuit is *on behalf of* (1) **HVAC _Manufacturing_, Inc.** and (2) the inventor **John Karamanos**.  Yet Plaintiff has taken the untenable position that it will not produce any documents in John Karamanos' or HVAC Manufacturing's possession, even through those documents that were the basis of allegations set forth in the Complaint covering a time period of approximately least ten years.  Plaintiff's counsel has taken the position that Plaintiff – created in 2015 *to file this lawsuit –* has no documents in *its* possession, custody, or control.  Plaintiff has not represented that documents do not exist.  Specifically, Plaintiff has repeatedly refused to produce documents in the possession of (1) John Karamaon, HVAC Technology's member, and inventor, who is mentioned numerous times throughout the Complaint, (2) HVAC Manufacturing, Inc., whose past infringement is the alleged basis of damages that Plaintiff is trying to seek as relief , or (3) Stella Karamanos, the CEO of HVAC Manufacturing.  Plaintiff's counsel has stated that it would not accept service of subpoena with respect to them and does not represent those two individuals or the other company.

To date, Plaintiff has produced only 35 documents, the majority of which are publicly available patent-related documents.  In response to a Request for Production of Documents ("RFPDs") set one (Nos. 1-83), Plaintiff produced only 51 *pages* of documents.   Plaintiff's responses were boilerplate and copied into each of the 83 RFPDs: "Subject to the general objections set forth above, HVAC Tech will produce all responsive documents in its possession, custody or control, that HVAC Tech has not already produced, and that are not protected by either the attorney-client privilege or the attorney work product doctrine."  While Plaintiff has not supplemented its response or indicated that it has performed a diligent search with respect to any of the RFPDs, Plaintiff has repeatedly said that it has no more documents in its control.

## LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). "This motion may be made if ... a party fails to produce documents or fails to respond that an inspection will be permitted — or fails to permit inspection — as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).

Federal courts have consistently held that for purposes of applying Rule 34, a party is deemed to be in possession, custody or control if it has actual possession, custody or control of the documents, or has the legal right to obtain the documents on demand. *United States v. Int'l*

*Union of Petrolium & Indus, Workers, AFL CIO*, 870 F.2d, 1450, 1452 (9th. Cir. 1989). Plaintiff has an obligation to conduct a reasonable inquiry into the factual basis of its responses to discovery, and has an affirmative duty to seek the information easily available to it from its employees, agents or others subject to its control. *Farber and Partner, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal 2006) (internal citations and quotations omitted).

In the Ninth Circuit, "**Control is defined as the legal right to obtain documents upon demand.**" *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) (quoting *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d at 1452. As set forth below, on the face of the Complaint, HVAC Technology has contractual relationship with HVAC Manufacturing providing a legal right to obtain documents upon demand to with respect to this lawsuit. Further, HVAC Technology has the legal right to obtain documents upon demand from its sole member, the inventor, John Karamanos. Plaintiff contends that Mr. Karamanos is not the sole member, but has refused to produce any documents evidencing any other members of HVAC Technology.

Plaintiff's Complaint acknowledges that the Plaintiff was created solely to file this lawsuit on behalf of John Karamanos and HVAC Manufacturing. The Complaint states: "HVAC Tech is a small corporation, and has no employees. HVAC Tech was formed in 2015 to serve as a legal vehicle to assert the patents and intellectual property of an individual, John Karamanos, against infringers." ECF 1, ¶ 3. "In 2015, HVAC Tech was formed to serve as a legal vehicle to assert the '761 and '731 patents against Defendant in order to seek reasonable compensation from Defendant for Defendant's unauthorized use of John Karamanos's patented technology." ECF 1, ¶ 38. HVAC Technology, Inc. was assigned these patents by John Karamanos, the inventor, who had a right to sub-licenses to HVAC Manufacturing, Inc. (H 753-755) "A married couple, John Karamanos and Stella Karamanos, own and operate a small family-owned manufacturing company called HVAC Manufacturing, Inc. ('HVAC Manufacturing'). John Karamanos is the President. Stella Karamanos is the Chief Executive Officer and the Chief Financial Officer." ECF 1, ¶ 19. John Karamanos is a named inventor on both asserted patents. Id., ¶¶ 21-23.

All the allegations in the Complaint relate to facts and documents, including emails, dated 2005 through 2015 are from a time prior to the creation of HVAC Technology. See "Factual Background," ECF 1, ¶¶ 19-41. For example, with respect to damages, Plaintiff alleges:

> As a result of these assignments, all right, title and interest in both the '761 patent and the '731 patent now rests in HVAC Tech, and HVAC Tech has the right to sue infringers for damages due to past and present infringement of the '761 patent and the '731 patent, including the right to sue Defendant for damages sustained by HVAC Manufacturing and Therma due to any and all past infringement by Defendant of the '761 patent, and including the right to sue Defendant for damages sustained by HVAC Manufacturing due to any and all past infringement of the '731 patent. (ECF 1, ¶ 38.)

While HVAC Technology is asserting this lawsuit *on behalf of* HVAC Manufacturing, for damages sustained by HVAC Manufacturing, and has a contractual relationship with John Karamanos and HVAC Manufacturing (and John Karamanos is a member or owner of both), HVAC Technology has taken the position that it has no further documents and will not produce any further documents.  HVAC Technology has taken the position that it has no further documents to support any of the allegations in the Complaint from the time period prior to 2015, when the Plaintiff HVAC Technology was created.  Further, HVAC Technology has also taken the position that it has no documents to support its damages claims, as alleged in the Complaint.

Based on the contractual relationship alone, HVAC Technology has control over the relevant and responsive documents in the position of HVAC Manufacturing.  Based on the relationship between HVAC Technology and its sole member John Karamanos, who also owns HVAC Manufacturing,

## II.  HVAC TECH'S STATEMENT

Defendant Southland propounded a request for production of documents on a particular legal entity, HVAC Technology LLC.  HVAC Technology LLC responded by producing all relevant documents in its "possession, custody, or control".  Defendant now complains that HVAC Tech's production is inadequate.  Defendant cites as evidence of the alleged incomplete production certain emails and communications mentioned in HVAC Tech's complaint in this matter.  HVAC Tech's response is that those emails, if they were not produced, were not "in the possession, custody, or control" of HVAC Tech.  Plaintiff's attorney, Lester Wallace, has repeatedly told Defendant's attorney, Michael Kanach, the following facts:  1) The company HVAC Manufacturing Inc. is a different and separate legal entity from HVAC Technology LLC. 2)  John Karamanos, as an individual person, is different a separate legal entity from HVAC Technology LLC.  3)  Stella Karamanos is a different separate legal entity from HVAC Technology LLC.  4) certain documents are in the possession custody and control of HVAC Manufacturing Inc., and those documents are not in the possession custody or control of either HVAC Tech or John Karamanos in his personal capacity, and as such HVAC Tech cannot produce those documents to Defendant Southland.   5)  HVAC Tech and HVAC Manufacturing Inc. are being properly operated as separate companies, and that the proper corporate formalities are being maintained by HVAC Tech.  6)  the management of HVAC Tech and HVAC Manufacturing Inc. are different.  7)  The fact that a first entity may have looked at documents of a second entity and used them in some fashion does not mean that the first entity has "possession custody or control" of such documents.  Just today Lester Wallace gave Michael Kanach the example of one person going over to another person's house and being permitted to see certain things in the house.  That does mean that if the first party is served by a request for production of documents that the first person can go over to the second person's house, and copy the document, and give it to a third person.  The reason is that the document is not in the "possession, custody or control" of the first person.

Lester Wallace also explained that Imperium Patent Works LLP does not at this time represent HVAC Manufacturing Inc. in any way in this litigation matter.  Moreover, Imperium Patent Works LLP does not represent John Karamanos personally.  Moreover, Imperium Patent Works LLP does not represent Stella Karamanos personally.  Lester Wallace also explained to Michael Kanach that should Defendant Southland serve a proper subpoena on third party HVAC Manufacturing Inc., that it is highly likely that Imperium Patent Works LLP would at that time then be engaged to represent HVAC Manufacturing Inc. in this litigation, but that the actual decision to engage Imperium is important and that it is exclusively the client's decision, and that the possible client would be HVAC Manufacturing Inc.  As such, Imperium Patent Works LLP at this time does not agree to accept service for either HVAC Manufacturing Inc. or John Karamanos or Stella Karamanos.

Maintaining proper corporate formalities is important.  Most all documents related to the patents-in-suit are not in the possession of HVAC Technology LLC, and Michael Kanach knows this because it was explained to him by Lester Wallace on multiple occasions, including today.  Michael Kanach insinuated that HVAC Tech was formed as a sort of device to conceal documents in a litigation, and that this is impermissible and improper in some way.  Lester Wallace explained to Michael Kanach that HVAC Tech's formation had nothing to do with document production, but rather had to with important matters of limiting liability, and limiting liability is a legitimate reason for forming a company.  Lester Wallace informed Michael Kanach that in his opinion (Wallace's opinion), in today's legal environment with the state of patent law being what it is, it would be unwise and bad counsel to allow an individual or small company with something to lose to attempt to monetize a patent in a litigation in the name of the individual or small company.

Defendant Southland has simply failed to subpoena a third party.  HVAC Tech has no idea why.  HVAC Tech has fully complied with its obligations with respect to the request for production of documents.

Imperium Patent Works LLP                     Gordon & Rees LLP
Attorneys for HVAC Technology LLC             Attorneys for Southland Industries


By: ___/s/ T. Lester Wallace_____          By: ____/s/ Michael D. Kanach_____
        T. Lester Wallace                             Michael D. Kanach

**ATTESTATION OF CONCURRENCE IN FILING**

The undersigned declares that concurrence in the filing of this document has been obtained from Lester Wallace.  The undersigned declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 7, 2016, in San Mateo, California.

_____  */s/ Michael D. Kanach*_____

Michael D. Kanach

PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 275 Battery Street, Suite 2000, San Francisco, CA 94111. On April 7, 2016, I served the within documents:

**PARTIES JOINT DISCOVERY LETTER NO. 2, REGARDING PLAINTIFF HVAC TECHNOLOGY, INC.'S INADEQUATE DOCUMENT PRODUCTION**

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

☐    by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

☐    by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by DHL as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

☐    by Electronic Transmission based on a court order or an agreement of the parties to accept service by email or electronic transmission. I am readily familiar with Gordon & Rees LLP's practices for transmitting documents by electronic mail via internet service provider. I caused the documents to be sent to the persons at the email addresses listed for each addressee on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒    by transmitting via ELECTRONIC FILING within the ECF System for the USDC – Northern District of California, the document(s) listed above on this date.

      **Please see attached SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

      GORDON & REES LLP

      By:   */s/ Michael D. Kanach*
      Michael D. Kanach

## SERVICE LIST

Mark D. Marrello, Esq.                    *Counsel to Plaintiff,*
T. Lester Wallace, Esq.                   **HVAC TECHNOLOGY LLC**
IMPERIUM PATENT WORKS LLP
315 Ray Street
Pleasanton, CA  94566
T (925) 331-8099
F (925) 835-5804
Email:  Mark@ImperiumPW.com
Email:  Lester@ImperiumPW.com