Mark D. Marrello
*Mark@ImperiumPW.com*
T. Lester Wallace
*Lester@ImperiumPW.com*
Imperium Patent Works LLP
315 Ray Street
Pleasanton, CA 94566
Phone: 925-331-8099
Attorneys for Plaintiff
HVAC Technology LLC

Robert P. Andris
*RAndris@GordonRees.com*
Michael D. Kanach
*MKanach@GordonRees.com*
Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Phone: 415-986-5900
Attorneys for Defendant
Southland Industries

April 7, 2016

*Via ECF Filing*

The Honorable Paul S. Grewal
United States Courthouse
Courtroom 5, 4th Floor
280 South 1st Street
San Jose, CA 95113

**Re: HVAC Technology LLC v. Southland Industries, Case No. 5:15-cv-02934-PSG**

Dear Judge Grewal:

Pursuant to your Case Scheduling Order (Docket No. 22) in this case, Plaintiff HVAC Technology LLC ("HVAC Tech") and Defendant Southland Industries ("Southland") submit this joint letter brief. The nature of the discovery dispute is whether a party under the Federal Rules of Civil Procedure is permitted to issue multiple notices for a single 30(b)6 corporate deposition, where a first deposition notice sets a first session of the 30(b)6 deposition to take place on a first date on particular noticed "matters for examination", and where a second deposition notice sets a second session of the 30(b)6 deposition to take on a second date on different noticed "matters for examination", and if a party issues such multiple notices whether the corporate deponent can ignore the second notice. The parties attest that attorneys for the parties have met and conferred in-person.

I. HVAC TECH'S STATEMENT

HVAC Tech has an obligation to update its infringement contentions. The last day to do that per the Court's scheduling order is May 6, 2016. This *HVAC Tech. v. Southland* case is a case where the infringing devices are hand-made pretty much ad hoc by Defendant, at various physical locations spread across the country, by various different employees of Defendant. Defendant's record keeping about what exactly Defendant has made is poor. Plaintiff originally brought this infringement action because Plaintiff learned of one instance of infringement (one "job") from public information. Plaintiff's preliminary infringement contentions set forth a reading of the asserted claims onto units from that job. Since that time, through discovery, Plaintiff has learned of the existence of six other "jobs" where there is likely infringement, but Plaintiff has been unable to determine the composition and structure of the units made by

Defendant for those six other "jobs".  Because knowing the actual structure of the units is necessary to read the asserted claims onto the units, and to determine for sure whether in fact the units infringe, Plaintiff has not been able to update its infringement contentions.

Plaintiff's very first request for production of documents of 10/17/15 calls for "Technical documents sufficient to show the component parts and construction" of each unit made by Southland.  Defendant has not produced such documents.  Plaintiff has therefore been unable to update its infringement contentions.  Plaintiff has repeatedly reminded Defendant's lawyers that such "technical documents" are called for, and that Plaintiff needs those documents in order to comply with its obligations under the Patent Local Rules to update is infringement contentions.

In another attempt to find out what the units entail, Plaintiff started deposing individual employees of Defendant, in the hit-or-miss hope that one of those employees would have adequate personal knowledge about the composition and structure of the units.  Each of the three employees deposed basically said "I don't know".  Southland is a very big company.  Conducting such hit-or-miss depositions is simply too slow and too expensive of a way to discover the structure of the units.

Plaintiff therefore noticed a first session of a 30(b)6 deposition of Defendant, where the noticed "matters for examination" relate to the component parts and construction of any and all units made by Defendant.  Plaintiff informed Defendant's attorney, Michael Kanach, that Plaintiff would be noticing a later session of the 30(b)6 deposition directed to other "matters for examination" (invalidity related matters regarding multiple different items of prior art raised by Defendant, and multiple affirmative defense matters, and various damages matters, and willfulness, and many other matters) at a later time.  It became evident that Defendant might act to prevent Plaintiff from any taking further 30(b)6 testimony once the first 30(b)6 session has been completed.  Plaintiff absolutely cannot afford to lose the right to take its main 30(b)6 deposition, so Plaintiff requested Defendant's written assent that Plaintiff take a second 30(b)6 session at a later time provided that there is no overlap in the matters for examination in the first and second sessions.  Defendant's attorney, Michael Kanach, has repeatedly refused to give such written assent.  Plaintiff requested Defendant's senior attorney, Rob Andris get involved, but Rob Andris did not respond.  The in-person meet and confer, which was with Michael Kanach, did not resolve anything.

Plaintiff cannot afford to take the noticed first session now, and wait, and run the risk that later on in the case Plaintiff will be precluded from taking its main 30(b)6 deposition.  Defendant's refusal to give its written assent has forced Plaintiff to bring the matter to the Court now.  If the Court were to find that Plaintiff should be precluded from taking a later 30(b)6 session, then Plaintiff will cancel the first 30(b)6 deposition notice and preserve its rights to take its main 30(b)6 deposition later as to all matters.

**Nothing in the FRCP prevents a party, without leave, from noticing multiple sessions of a single 30(b)6 deposition, with separate notices, where the matters for examination in the two sessions are different, and where the sessions occur on different days.**  Defendant, on the other hand, maintains that once a corporate witness has been deposed in a first 30(b)6 session, that the "deponent . . has already been deposed" under FRCP 30(a)(2)(A)(ii), and that continued questioning of that deponent on other matters (or of another corporate representative on other noticed matters) is impermissible without leave of Court.  Plaintiff's response is that in such a case the deponent has not "already been deposed", but rather the deposition is only complete as to certain noticed matters.  With respect other matters it is

ongoing. Nothing in FRCP 30 speaks to the sessions of a 30(b)6 deposition. The reference to "deponent" in 30(a)(2)(A)(ii) is to prevent an individual person from being deposed for more than one day of seven hours. "The text of the rule and the advisory committee notes are silent on the relationship between Rule 30(a)2(A)(ii) and 30(b)(6)." *State Farm Mut. Ins. Co. v. New Horizon, Inc.*, 254 F.R.D. 227 (E.D. Pa. 2008).

Most importantly, it is bad policy to require litigants to come to Court for leave in complex cases, every time one issue ripens early in a complex case. In a patent case, it would be quite unwise for a party to take its final 30(b)6 deposition as to all the ins and outs of various damages theories and facts, let's say, before the claims have even been construed. The very identity of the relevant products could, in fact, change due to a Markman ruling. Likewise, in typical patent cases, theories and supporting facts related to many contentions (including affirmative defenses) have often not been developed by the time of Markman. Requiring litigants to come to the court to ask for leave just to take multiple 30(b)6 sessions is a waste of the Court's time, and is a waste of the party's money and attorney time. It should simply be permitted.

The Court is requested to issue a clear opinion on point so that future litigants in the Northern District, particularly patent litigants, can know what the rule is.

**Burden on Defendant does not outweigh Benefit:** Splitting the 30(b)6 deposition of Southland into two sessions will place no additional burden on Defendant. In fact, for reasons too numerous to list off here, the burden (financial and time) on Defendant will actually be reduced. The only possible burden would be one additional day's time of a deponent. If Plaintiff is prevented from splitting the 30(b)6 deposition into two sessions, then the same matters that are now noticed for examination in the first session will be moved to the second session, the first session will be canceled, and the second session on all matters will be commensurately longer. Defendant would most likely designate multiple individual witnesses. For each, Plaintiff would be entitled to one day's deposition time. The difference in the burden on Defendant between splitting the 30(b)6 deposition and not splitting is at best minimal. Defendant has probably already spent more time and money opposing Plaintiff in this letter brief matter than it would have spent simply producing the witness.

**Authority:** As best Plaintiff can tell, there is no controlling authority that would bind this Court either way. Anecdotal information and articles on the internet say both that: 1) "the rule contains no limit on the number of 30(b)(6) notices that a party can serve", and 2) "the policy of permitting a second deposition of an already-deposed deponent is equally applicable to deposition of individuals and organizations". On the side of permitting multiple notices without leave is *Quality Aero Tech. Inc. v. Telemetrie Elektronik GmbH*, 212 F.R.D. 313 (E.D.N.C.). There the plaintiff served a second 30(b)6 notice without leave of Court. When the defendant failed to appear, the plaintiff moved to compel. The Court granted the motion to compel concluding that prior judicial approval for a second deposition is not necessary in a Rule 30(b)6 context. Taking the opposite view is Magistrate Judge Edward Chen in *Blackwell v. City & County of San Francisco*, C-07-4629-SBA(EMC), doc. 91 (N.D.C.A 2010). While conceding that "there are some courts that have held otherwise" the Court said it "agree[d] with the reasoning of the district court in *State Farm Mutual Automobile Insurance Co. v. New Horizon, Inc.*, 254 F.R.D. 227, 234-35 (E.D. Pa. 2008)", and said that the "Plaintiff should have asked for leave to take a second 30(b)(6) deposition, having already noticed and taken one 30(b)(6) deposition. See Fed.R.Civ.P. 30(a)(2)(A)(ii)." As set forth above, Plaintiff HVAC Tech contents that the rationale set forth *Blackwell* is bad policy, and applying such a rule to NDCA

patent cases is particularly ill-advised. Plaintiff's counsel would like the opportunity to explain why in further detail at a hearing.

II.  SOUTHLAND'S STATEMENT

First of all, with respect to Plaintiff's introduction, it is incorrect to insinuate that this issue relates to either party "ignoring" anything discovery related. HVAC refused to remove that part of the sentence from the joint introduction when Southland's requested it be removed. Unfortunately, because HVAC would not move that argument into HVAC's section, Southland has to respond to that here.

Second, this letter does not relate to a discovery dispute. Southland has represented to HVAC that is has performed a diligent search, produced documents (Southland has produced over 6,000 pages of documents, compared to less than 800 documents produced by HVAC), and Southland has not located further documents responsive to HVAC's request. HVAC is simply disappointed that there are so few instances of evidence of pre-piped VAV terminal units responsive to HVAC's requests.

Third, Plaintiff cites *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 235, 2008 U.S. Dist. LEXIS 96411, *20-21 (E.D. Pa. 2008) in support for HVAC's position. However, that case support's Southland's position, discussing the harm and prejudice to a organization related to "serial" depositions, like the one HVAC proposes here:

> The policy against permitting a second deposition of an already-deposed deponent is equally applicable to depositions of individuals and organizations. Taking serial depositions of a single corporation may be as costly and burdensome, if not more so, as serial depositions of an individual. In both cases, each new deposition requires the deponent to spend time preparing for the deposition, traveling to the deposition, and providing testimony. In addition, allowing for serial depositions, whether of an individual or organization, provides the deposing party with an unfair strategic advantage, offering it multiple bites at the apple, each time with better information than the last.

*Id*., at *20-21. Unfortunately, because HVAC provided its position the day HVAC chose to file this dispute with the Court, Southland did not have the opportunity to discuss this case with HVAC earlier. Southland repeatedly requested authority for HVAC's position and HVAC failed to cite any authority until today.

Southland repeatedly requested any authority from Plaintiff which would provide a basis for HVAC's request, and HVAC did not provide it. Southland cited Fed. Rules of Civ. Pro. ("FRCP") Rules 30(a)(2)(A)(ii) and 26(b)(1) in support of its position. Fed. R. Civ. P. 30(a)(2)(A)(ii) provides that leave must be granted to take the deposition of a deponent who "has already been deposed in the case". This includes the deposition of a company pursuant to FRCP 30(b)(6). Some courts have effectively imposed a good cause requirement for requiring a deponent to appear for a second deposition. *See, e.g., Presidio Components, Inc. v. American Tech. Ceramics Corp.*, 2009 U.S. Dist. LEXIS 25562, at *14 (S.D. Cal. Mar. 25, 2009) (stating that, "[a]bsent a showing of good cause, generally the court will not require a witness to appear for another deposition"); (*criticized in Blackwell v City & County of San Francisco,* 2010 US Dist LEXIS 75453 (N.D. Cal. 2010) ("The language of Rule 30(a)(2) is clear. Whether a second

deposition is to be permitted should be based on the factors identified in Rule 26(b)(2).")). Since FRCP 30(b)(6) does not set its own discovery standard, standard provided in FRCP 26(b)(1) should be used to determine whether information sought is relevant and is capable of leading to discovery of relevant information. *Hooker v Norfolk S. Ry.*, 204 FRD 124 (2001, SD Ind).

HVAC has not provided any good cause - nor has HVAC provided any analysis of the factors identified in Rule 26(b)(2). If HVAC Plaintiff makes a request for a second deposition of any witness, Southland will consider it at that time in light of the circumstances surrounding the request, the Federal Rules, and the aforementioned cases. However, as Southland repeated to HVAC, Southland cannot consider HVAC's request in a vacuum at this time. Without more information, Southland cannot take a position as to such an open-ended request for a stipulation – and the Court has nothing to consider at this time.

Most importantly, **this issue is not ripe at this time**. There is nothing for the Court to consider or compel at this time. **HVAC has served a list of topics for one deposition**, not two, and Southland has agreed to produce a 30(b)(6) witness as to the topics that have been noticed. HVAC has chosen, as a litigation strategy, to take serial depositions (i.e., take one deposition today – and a second deposition at some undetermined time as to yet undefined topic categories). In fact, HVAC's request is for a hypothetical second 30(b)(6) deposition is open-ended and may not even occur.

That being said, Southland has not refused to make a witness available for another deposition. Southland has consistently taken the position that it will consider the scope of HVAC's request for a second deposition if/when it makes that request, consistent with how the Court will consider it. Further, Southland has proposed alternatives, such as (1) notice a complete 30(b)(6) deposition today, so Southland's witness(es) can prepare, or (2) request an extension of time in the event that later-produced information supports amending infringement contentions after the Court deadline. (Southland notes that HVAC argues from one side of its mouth that it already has information sufficient to amend the infringement contentions, while also arguing that it must take this deposition on this first set of topics in order to supplement its contentions before the deadline.) HVAC rejected both proposals with no explanation, other than for its own strategic reasons. HVAC's strategy does not take into account the potential prejudice to Southland. For example, Southland's witness may be required to take multiple seven-hour depositions because Plaintiff decided to limit the number of topics in the first of several serial 30(b)(6) deposition notices.

Southland's counsel's repeated efforts to resolve this dispute through compromise – or suggestion that the Parties reevaluate the perceived dispute if/when an actual dispute is ripe – were unsuccessful at persuading HVAC's counsel to avoid filing a premature motion with the Court.


| Imperium Patent Works LLP | Gordon & Rees LLP |
|---|---|
| Attorneys for HVAC Technology LLC | Attorneys for Southland Industries |
| By: __/s/ T. Lester Wallace_____ | By: ___/s/ Michael D. Kanach_____ |
| T. Lester Wallace | Michael D. Kanach |

## FILER'S ATTESTATION

I, Mark D. Marrello, am the ECF user whose identification and password are being used to file this JOINT LETTER BRIEF REGARDING MULTIPLE 30(B)(6) NOTICES. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that counsel for the Defendant concurs in this filing.

By: */s/ Mark D. Marrello*
Mark D. Marrello

PROOF OF SERVICE

  I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Imperium Patent Works LLP 315 Ray Street, Pleasanton, CA 94566.  On April 7, 2016, I served the within documents:

**JOINT LETTER BRIEF REGARDING MULTIPLE 30(b)(6) NOTICES**

☐  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Pleasanton, addressed as set forth below.

☐  by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Imperium Patent Works LLP described below, addressed as follows:

☐  by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by DHL as part of the ordinary business practices of Imperium Patent Works LLP described below, addressed as follows:

☐  by Electronic Transmission based on a court order or an agreement of the parties to accept service by email or electronic transmission.  I am readily familiar with Imperium Patent Works LLP's practices for transmitting documents by electronic mail via internet service provider.  I caused the documents to be sent to the persons at the email addresses listed for each addressee on the attached service list.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒  by transmitting via ELECTRONIC FILING within the ECF System for the USDC – Northern District of California, the document(s) listed above on this date.

  **Please see attached SERVICE LIST**

  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

             IMPERIUM PATNET WORKS LLP

             By: */s/ Mark D. Marrello*
                Mark D. Marrello

**SERVICE LIST**

| | |
|---|---|
| ROBERT P. ANDRIS (SBN: 130290)<br>MICHAEL D. KANACH (SBN: 271215)<br>GORDON & REES LLP<br>275 Battery Street, Suite 2000<br>San Francisco, CA 94111<br>Telephone: (415) 986-5900<br>Facsimile: (415) 986-8054 | *Counsel to Defendant,*<br>**SOUTHLAND INDUSTRIES** |