UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HVAC TECHNOLOGY LLC,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHLAND INDUSTRIES,<br><br>Defendant. | Case No. 5:15-cv-02934-PSG<br><br>**ORDER RE: DISCOVERY DISPUTES**<br><br>**(Re: Docket Nos. 34, 35)** |

The parties ask the court to resolve two distinct discovery disputes in this patent infringement case.[1]

The first dispute is about Plaintiff HVAC Technology LLC's obligation to produce documents.[2] HVAC Technology "was formed in 2015 to serve as a legal vehicle to assert the patents and intellectual property of an individual, John Karamanos, against infringers."[3] This LLC was assigned the patents-in-suit by HVAC Technology, Inc., which in turn was assigned the patents by Karamanos, the named inventor.[4] For his part, Karamanos had a right to sub-licenses to HVAC Manufacturing, Inc., whose President is none other than Karamanos and whose CEO and CFO is Karamanos' wife Stella.[5] Defendant Southland Industries argues that, by virtue of these

---

[1] *See* Docket Nos. 34, 35.

[2] *See* Docket No. 34.

[3] Docket No. 1 at ¶ 3.

[4] *See* Docket No. 34 at 3.

[5] *See id.*

Case No. 5:15-cv-02934-PSG
ORDER RE: DISCOVERY DISPUTES

1

assignments, HVAC Technology is obligated to produce not only its own documents responsive to Southland's requests, but also any responsive documents in the "possession, custody or control" of HVAC Manufacturing, Inc. and Karamanos personally.[6] HVAC Technology disagrees.[7]

In the Ninth Circuit, trial courts applying Fed. R. Civ. P. 34 follow the "legal right" standard: "[c]ontrol must be firmly placed in reality, and the court examines whether there is actual, not theoretical, control. Decisions within the Ninth Circuit have noted the importance of a legal right to access documents created by statute, affiliation or employment."[8] While no published decision located by the court or presented by the parties speaks directly to this issue, the court cannot figure how a threadbare patent assignment meets the Ninth Circuit's legal right requirement. In particular, Southland has not identified anything in the language or context of the patent assignment here that further assigns to Plaintiff the legal right to any of the other entities' documents. In the absence of any such legal right on the part of Plaintiff, Southland must pursue the documents at issue directly from HVAC Manufacturing, Inc. and Karamanos themselves.

The second dispute is about whether a party may issue multiple notices for 30(b)(6) depositions of the same corporation.[9] HVAC Technology says yes; Southland says no.[10] To be clear, HVAC Technology has noticed a list of topics for one 30(b)(6) deposition.[11] It intends to notice more 30(b)(6) depositions on additional topics, and wants Southland to agree these depositions now.[12] At this point, Southland's position is that it will "consider the scope of

---

[6] *See id.* at 4; Fed. R. Civ. P. 34.

[7] *See id.* at 4-5.

[8] *Verigy US, Inc. v. Mayder*, Case No. 08-04330 RMW (HRL), 2008 WL 4786621, at *1 (N.D. Cal. Oct. 30, 2008).

[9] *See* Docket No. 35.

[10] *See id.* at 2-5.

[11] *See id.* at 5.

[12] *See id.*

2
Case No. 5:15-cv-02934-PSG
ORDER RE: DISCOVERY DISPUTES


1    HVAC's request for a second deposition if/when it makes that request."[13]

2      Fed. R. Civ. P. 30(a)(2)(A)(i) sets the number of depositions that may be taken without
3    leave of the court or the parties' stipulation at ten.  Nothing in the Federal Rules or in any cases
4    located by the court or presented by the parties bars a party from using all ten depositions on
5    30(b)(6) witnesses.  However, Fed. R. Civ. P. 30(d)(1) is clear that a deposition is "limited to 1
6    day of 7 hours."  Heeding those rules, a party may notice multiple 30(b)(6) depositions, but each
7    notice must cover separate topics and the deposing party gets only one, seven-hour day of
8    deposition per notice.  That is, a party may notice multiple 30(b)(6) depositions on non-
9    overlapping topics, but it may not notice multiple 30(b)(6) depositions with overlapping topics.

10   **SO ORDERED.**

11   Dated: April 8, 2016

12                   _____
                PAUL S. GREWAL
13                   United States Magistrate Judge

---

[13] *Id.*

Case No. 5:15-cv-02934-PSG
ORDER RE: DISCOVERY DISPUTES

3