1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    HVAC TECHNOLOGY LLC,                        Case No.  15-cv-02934-KAW
                    Plaintiff,
8
9          v.                                    **ORDER RE NOVEMBER 17, 2016
                                                 HEARING**
10   SOUTHLAND INDUSTRIES,                        Re: Dkt. Nos. 52, 66, 67, 69
                    Defendant.
11

12

13         Currently pending before the Court are: (1) Plaintiff's motion for partial summary

14   judgment, (2) Defendant's motion for summary judgment, (3) Defendant's motion for evidentiary

15   sanctions, and (4) Defendant's motion to partially exclude the testimony of Plaintiff's expert.

16   (Docket Nos. 52, 66, 67, 69.)  These motions are scheduled for hearing on November 17, 2016.

17         In light of the fact that this case was reassigned to the undersigned from Judge Grewal, and

18   that the undersigned has not had the benefit of a tutorial,[1] the Court believes it to be more

19   constructive to schedule a tutorial on November 17, 2016, in lieu of a motions hearing.  Each side

20   will be permitted 30-45 minutes to present a summary of the background of the technology

21   involved, an explanation of the nature of the problem the inventor sought to solve, and reference to

22   the prior art in existence at the time of conception.  The patent holder will make the first

23   presentation.  Visual aids are highly encouraged, and the parties are to provide a copy of any prior

24   art or documents that they rely on.  The Court would prefer if someone other than counsel makes

25   the presentation.  No argument or examination will be permitted.

26

27   _____

28   [1] The lack of a tutorial is particularly challenging in the instant case, where the parties assume the
     Court's familiarity with the patents at issue and therefore provide limited explanation of what the
     patents entail.  (*See* Dkt. No. 52 at 5; Dkt. No. 78 at 22.)

United States District Court
Northern District of California

United States District Court
Northern District of California

1    In addition to the tutorial, the parties must be prepared to address the following matters at

2    the November 17, 2016 hearing:

3        (1) What is the status of the '731 Patent claims, and will Plaintiff be dismissing those

4            claims?

5        (2) Is it Defendant's position that certain claims in the '731 and '761 Patents are anticipated

6            by the Viso Application, per 35 U.S.C. § 102?  If so, why does Section 102 apply when

7            Section 102(a)(2) concerns an invention that is described in an application or patent

8            published, "in which the patent or application, as the case may be, names **another**

9            **inventor** and was effectively filed before the effective filing date of the claimed

10           invention"?  (Emphasis added.)  Isn't Charles J. Viso one of the inventors listed in the

11           '731 and '761 Patents?

12       (3) What is a Unistrut bracket and how does it relate to the instant case?

13       (4) What settlement efforts are the parties engaged in, given that Plaintiff appears to value

14           this case at $68,400?  (Dkt. No. 78 at 35.)

15   The Court also observes that both parties fail to provide specific pinpoint citations (or any

16   citations, in some instances) to the record.  Defendant, in particular, cites to wholesale exhibits.

17   (*E.g.*, Dkt. No. 69 at 2:8 (citing to the entirety of Exhibit 3, a 275-page exhibit, and Exhibit 8,

18   which consists of over 50 pages of deposition testimony); 14:28-15:1 (citing the entirety of

19   Exhibits 8, 46, and 47); 15:25 (citing to the entirety of Exhibit 13, a 120-page expert report); 16:22

20   (citing to the entirety of Exhibit 13); 19:26-10 (providing no citations whatsoever, despite

21   referring to specific portions of Plaintiff's expert's disclosure and Visto's testimony ); 23:5

22   (referring to Markups A and B but providing no explanation of what these are and what exhibits

23   they are found in).[2])  Plaintiff also makes broad, factual arguments relying on evidence and

24   testimony that Plaintiff then fails to cite.  (*E.g.*, Dkt. No. 78 at 27:3-10 (asserting that Plaintiff will

25   produce photographs and testimony, but not citing to any exhibits).)

26   It is not the Court's role to scour over 1,500 pages of exhibits for the specific portions of

27

28   [2] To be clear, this is *not* an exhaustive list.  The parties should review the entirety of their briefs
     for other instances where there are inadequate citations.

exhibits that the parties rely on. Thus, to the extent the parties want the Court to consider exhibits, they must provide *specific* pincites, *i.e.*, the page number for expert reports, the column and line numbers for patents, and the page and line numbers for deposition testimony. At the November 17, 2016 hearing, the parties may provide the Court with a list of pincites in the following format:

| Brief Page and Line Number: | Proposition Being Cited: | Exhibit No. with Specific Pincite |
|---|---|---|
| Docket No. 69, Page 14:28-15:1 | "it is inherent that pipes are supported by brackets" | Exh. 46 at [col:line], Exh. 47 at [col:line], Exh. 8 at [page:line] |

The motion hearing on the pending motions is continued to **December 15, 2016**.

IT IS SO ORDERED.

Dated: November 9, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

3